CRICHTON, J.,
additionally concurs and assigns reasons:
hi fully agree with the majority’s well-reasoned and thoughtful conclusion in this case. The analysis recognizes the importance of considering a testator’s intent, C.C. art. 1611, but it also makes clear that upholding the validity of this particular testament on the facts of this case would chip away at the foundations of our Civil Code’s requirements. See C.C. art. 1577.
I write separately to express my concern about the proliferation of widely available and generic legal templates, which may substantially deviate from form requirements set forth in the Civil Code. The obligation to meet these requirements is critical, because the Civil Code is “the primary source of law, and precedent serves merely as an example of a prior judge’s interpretation and application of legislated law.” James L. Dennis, Interpretation and Application of the Civil Code and the Evaluation of Judicial Precedent, 54 La. L. Rev. 1 (1993). The legislature, of course, can make changes to those form requirements, but it is up to this Court to uphold the law as written and avoid what the majority aptly describes as the “metas- *412 tization” of legal error in interpreting Civil Code articles.